UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND

| | |
|---|---|
| LINDA E. JOHNSON,<br><br>               *Plaintiff*,<br><br>v.<br><br>ULTA, INC.; SAMANTHA GOETHALS; LAUREN TRUEBLOOD; and FRANCES E. TOOMEY,<br><br>               *Defendants*. | CAUSE NO.: 2:22-CV-240-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, and remand a removed action over which the Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Page v. Democratic Nat'l Comm*., 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Because the Court is unable to determine from the current record whether subject matter jurisdiction exists, the Court issues this opinion and order to address that issue.

**BACKGROUND**

Plaintiff Linda F. Johnson filed this action in the Circuit Court of Lake County, Indiana on August 27, 2021. [DE 4]. The state court complaint alleges that Ulta Salon, Cosmetics & Fragrance Inc. ("Ulta")[1], and three current or former employees of Ulta (Samantha Goethals, Lauren

---

[1] According to the Notice of Removal, the complaint improperly names "Ulta, Inc." rather than using that defendant's correct name of "Ulta Salon, Cosmetics & Fragrance Inc." *See* [DE 1 at 1].

Trueblood, and Francis E. Toomey) (collectively "the Individual Defendants"), are liable for injuries suffered by Plaintiff as a result of false statements made on August 27, 28, and September 6, 2019, which identified Plaintiff as a thief. Plaintiff filed an amended state court complaint on December 22, 2021 [DE 5] alleging among other things that, on November 23, 2021, the criminal matter brought by state authorities against Plaintiff upon the accusations of Defendants was dismissed due to Plaintiff being wrongly identified as the individual who is alleged to have committed the crime of theft. On January 28, 2022, Ulta filed an answer in state court to the amended complaint. [DE 6]. On August 17, 2022 (just short of one year after the original complaint was filed), Ulta removed the state court action to this Court, alleging federal court jurisdiction under the diversity statute, 28 U.S.C. § 1332(a).

## DISCUSSION

The removal statute states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The Notice of Removal alleges that this Court has original jurisdiction over Plaintiff's state court complaint under 28 U.S.C. § 1332(a). For the Court to have jurisdiction under § 1332(a), there must be complete diversity, that is, no defendant may be a citizen of the same state as any plaintiff. *See Howell by Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity of citizenship "mean[s] that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen"). In addition, the amount in controversy must exceed $75,000.00 exclusive of interest and costs. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 856 (7th Cir. 2019). The allegations in the Notice of Removal

2

regarding the amount in controversy are not at issue here. Instead, the issue is whether the first requirement of complete diversity is satisfied.

As the party seeking federal jurisdiction, Ulta has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, the Court looks to the allegations in the Notice of Removal regarding the complete diversity requirement. The Notice of Removal alleges that "[d]iversity of citizenship is present as Plaintiff is a citizen of Indiana and Ulta, the only properly joined, served, and pursued defendant, is a citizen of Delaware and Illinois." [DE 1 ¶ 22]. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal alleges that Ulta is incorporated in Delaware and has its principal place of business in Illinois. *See* [DE 1 ¶ 24]. Accordingly, the Notice of Removal alleges facts that support the allegation that Ulta is a citizen of Delaware and Illinois.

The remaining parties to the litigation are individuals, and the citizenship of an individual turns on his or her domicile. Domicile, in turn, is that state where the person resides with the intention of living "over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012); *see Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006) ("The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely."). The Notice of Removal alleges that Plaintiff is a citizen of Indiana, citing the allegation in the state court amended complaint that, at all times relevant, Plaintiff was a resident of Indiana. *See* [DE 1 ¶ 23 (citing DE 5 ¶ 1)]. Generally speaking, in this circuit an allegation of "residence" is deficient for alleging the domicile of an individual. *See Heinen*, 671 F.3d at 670;

3

*see also Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003) (the citizenship of a natural person for diversity purposes is determined by the person's domicile; residency is not the equivalent of domicile; and in this Circuit an allegation of residency is not sufficient to properly allege citizenship). Accordingly, the Notice of Removal's allegation that Plaintiff is a citizen of Indiana because she resides in that state is deficient. For Plaintiff to be a citizen of Indiana, she must reside there and with the intent to remain indefinitely. Ulta may plead the intent element of domicile upon information and belief if necessary.

Beyond this deficiency, the Notice of Removal also fails to plead the citizenship of the Individual Defendants. Instead, the Notice of Removal argues that the Court can disregard the citizenship of the Individual Defendants for purposes of determining jurisdiction on removal because, as of the date on which Ulta removed the action, the Individual Defendants had not been properly served with the summons and complaint. [DE 1 ¶¶ 38-39]. Ulta cites 28 U.S.C. § 1441(b)(2) in support of its argument. That provision states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). According to Ulta, the italicized language means that "if any named in-state defendant is *not* served prior to the filing of the notice of removal, removal based on diversity jurisdiction is proper." [DE 1 ¶ 38 (emphasis added)].

The Court does not need to address Ulta's arguments for why Plaintiff's service on the Individual Defendants prior to Ulta's removal was ineffective. Assuming that it was, Ulta is incorrect that the Court can disregard the citizenship of the Individual Defendants for purposes of removal jurisdiction based on § 1441(b)(2). Ulta is confusing two distinct inquiries. The first inquiry is jurisdictional: whether original jurisdiction under the diversity statute exists. The second

4

inquiry is statutory: whether a case for which there is diversity jurisdiction is *removable* where one of the defendants is a citizen of the forum (the "forum-defendant rule"). Service is relevant only to the second inquiry; it is not relevant to the first.

### The Jurisdictional Inquiry

A civil action is removable on the basis of diversity jurisdiction only if there is complete diversity of the named parties, assessed "both at the time of the original filing in state court *and* at the time of removal." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (quoting *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986))).[2] In *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), the Supreme Court held that this assessment includes all named parties, regardless of service of process: "[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected." *Id.* at 541.

The *Pullman* Court noted that "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Id.*; *see also Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) (fraudulent joinder exists when a nondiverse defendant is "joined simply to

---

[2] Diversity is not destroyed by a party's subsequent change in domicile. *Altom Transp., Inc.,* 823 F.3d at 420 (citing *Smith v. Sperling*, 354 U.S. 91, 93 n. 1 (1957)).

5

defeat removal, as might be inferred from a demonstration that the claim against that defendant had no possible merit"). Here, Ulta alleges in the Notice of Removal that Plaintiff's failure to serve process or prosecute her claims against the Individual Defendants also means that she fraudulently joined those defendants in an attempt to defeat diversity. *See* [DE 1 ¶ 41]. But following removal, it appears Plaintiff attempted a second service on the Individual Defendants. Although she has filed a return of service only as to Defendants Goethals and Toomey [DE 22], all three Individual Defendants have appeared in the case and filed answers [DE 19, 20, 21], and none have moved to dismiss for ineffective service of process. Thus, there no longer appears to be a potential fraudulent joinder argument in the case. Ulta is left with the argument that the citizenship of the Individual Defendants should be disregarded because they had not been served at the time of removal, and that argument is precluded by *Pullman*. *See, e.g., Campbell v. Electrolux Pro. N. Am.*, No. 21-CV-1423-DWD, 2022 WL 707136, at *2–3 (S.D. Ill. Feb. 11, 2022) (discussing *Pullman* and rejecting as meritless argument that non-service of forum defendant meant its citizenship could be disregarded); *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-2385-DRH-SCW, 2013 WL 656822, at *4 (S.D. Ill. Feb. 22, 2013) ("There is no question that the citizenship of all defendants, regardless of service, must be considered in determining whether diversity jurisdiction exists."); *Chappell v. SCA Servs., Inc.*, 540 F. Supp. 1087, 1090 (C.D. Ill. 1982) ("The fact that service has not yet been made on the resident defendant is insufficient to allow his citizenship to be disregarded."); *Armstrong v. Monex Intern., Ltd.*, 413 F. Supp. 567, 570 (N.D. Ill. 1976) (holding that "an unserved defendant in a non-separable controversy cannot be disregarded for purposes of removal").

**The Statutory Inquiry**

The forum defendant rule set forth in § 1441(b)(2) provides that a case that would otherwise satisfy the requirements for federal diversity jurisdiction, including the requirement of complete diversity between plaintiffs and defendants, is not removable if a *defendant* is a citizen of the forum state. A case that "otherwise satisf[ies] the requirements for federal diversity jurisdiction," but involves a defendant who is a citizen of the forum state, would be a case where the plaintiff is a non-citizen of the forum. In that situation (which is not the current one), the forum defendant rule set out in § 1441(b)(2) disallows federal removal on the theory that "the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013). The rule expressly applies, however, only when the forum defendant has been properly joined and served. "The purpose of the joined and served requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 755 (N.D. Ill. 2020) (internal quotation marks and citation omitted).

The Notice of Removal "conflat[es] section 1332's *diversity* requirement with the requirements of *removability* under the forum defendant rule." *In re Pradaxa*, 2013 WL 656822, at *3 (emphasis in original). The forum defendant rule is an additional, statutory limit on removability of a case otherwise within the federal court's original jurisdiction. *See Grandinetti*, 476 F. Supp. 3d at 753 ("[E]ven when diversity jurisdiction applies, the removing party 'must also clear the additional hurdle of ... the forum defendant rule.'" (quoting *Morris,* 718 F.3d at 665)); *see also Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) (holding that the forum defendant rule is nonjurisdictional); *Campbell*, 2022 WL 707136, at *2 (forum-defendant

7

rule "goes to the question of *removability*, and not to determining citizenship so to invoke this Court's diversity jurisdiction" (emphasis in original)); *In re Pradaxa*, 2013 WL 656822, at *4 ("the forum defendant rule is a separate, nonjurisdictional inquiry with its own statutory requirements"). The cases cited by Ulta in the Notice of Removal[3] are distinguishable because they involve application of the forum-defendant rule, i.e., in each case, there was no dispute that diversity jurisdiction existed even taking into consideration the citizenship of the unserved defendant(s) and the issue instead was whether removal could be defeated by the fact that one of the named defendants was a citizen of the forum state (an issue that turned on whether that defendant had been properly joined and served). The issue here is not determining removability where diversity jurisdiction has been shown to otherwise exist, but determining diversity jurisdiction in the first instance. In other words, *Pullman,* and not § 1441(b)(2), applies.

### Diversity Jurisdiction In This Case

The Notice of Removal does not plausibly allege that the complete diversity requirement is satisfied because it fails to allege the Individual Defendants' citizenship (1) using domicile, not residence, as the test; and (2) as of the date the original state court complaint was filed (August 27, 2021) as well as of the date of removal (August 17, 2022). Ulta submitted affidavits of each Individual Defendant with its Notice of Removal. [DE 1-8, DE 1-9, DE 1-10]. But only Defendant Trueblood provided facts relevant to her domicile. However, Trueblood states in her affidavit that she "lived" in Indiana until December 1, 2019, when she moved to Arkansas. [DE 1-8 ¶ 2]. She

---

[3] *See, e.g., I.T.M. v. Midwest Can Co., LLC,* No. 20-CV-2230, 2021 WL 170734, at *1 (N.D. Ill. Jan. 19, 2021); *Whipkey v. Eli Lilly & Co.,* No. 1:20-CV-00450-SEB-MPB, 2020 WL 3248472, at *1 (S.D. Ind. June 16, 2020); *D.C. by & through Cheatham v. Abbott Lab'ys Inc*., 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018); *Graff v. Leslie Hindman Auctioneers, Inc*., 299 F. Supp. 3d 928, 933 (N.D. Ill. 2017).

does not state whether she moved to Arkansas with the intent to remain there indefinitely. The omission of intent as to the move to Arkansas is in contrast to Trueblood's statement as to her move to Illinois on March 9, 2022, which she states was with the "inten[t] to remain in Illinois." [*Id.* ¶ 5]. If Trueblood moved to Arkansas without a similar intent, then she would have retained her Indiana domicile until she later gave it up upon moving to Illinois with the intent to remain there indefinitely. *See Strabala v. Zhang,* 318 F.R.D. 81, 99 (N.D. Ill. 2016) ("'[a] domicile once existing continues until another is acquired'" (quoting *Desmare v. United States*, 93 U.S. 605, 610 (1876) (additional citations omitted)). The fact that Trueblood has been domiciled in Illinois since March 9, 2022 only resolves the issue of her domicile on date of removal. Ulta must allege her domicile on the date the state court action was filed as well.

The other two Individual Defendants, Goethals and Toomey, only attested to facts in their affidavits relevant to whether service of process was properly effected at an address in Indiana, which apparently was the address of an Ulta store where Plaintiff believed the Individual Defendants may have been employed at one time. The record shows that both Goethals and Toomey currently reside in Indiana, *see* [DE 19 ¶ 3 (Goethals Answer); DE 20 ¶ 3 (Toomey Answer)], which suggests they could have been domiciled in the same state as Plaintiff on the two relevant dates of August 27, 2021 and August 17, 2022.

Given the importance of determining the Court's jurisdiction to hear this case, Ulta, as the removing party, must sufficiently allege facts from which this Court may determine its jurisdiction, as outlined above. Accordingly, the Court **ORDERS** Ulta to **FILE**, on or before **August 10, 2023**, a supplemental jurisdictional statement that properly alleges federal diversity jurisdiction. If Ulta is unable to properly allege diversity jurisdiction, it may file an agreed motion to remand to state court.

So ORDERED this 26th day of July, 2023.

                                              s/ Joshua P. Kolar
                                              MAGISTRATE JUDGE JOSHUA P. KOLAR
                                              UNITED STATES DISTRICT COURT